Marvin, J
The case of the City of Cleveland, plaintiff in error, against L. T. and R. F. Denison, defendants in error, is a case where the two Denisons brought a suit against the city of Cleveland, in the court of common pleas of this county, and a jury was empanelled, and the case was submitted upon an agreed statement of facts, and the court instructed the jury to return a verdict for the plaintiffs upon the facts.
*542 It is sought in the proceedings here to reverse that Judgment, motion for a new trial having been made and overruled by ¡the court of common pleas.
The facts are, that the plaintiffs below, being the owners bf certain lands in the village of West Cleveland, platted those lands and laid out streets which were dedicated to and accepted by the municipal corporation; thereafter they place water-pipes in certain streets, making an agreement with the Board of Trustees of the Water-works for the village of West Cleveland that if thebe defendants in error would place such water-pipes in these streets, they would be attached to the pipes of the regular water-works system of the village and made a part of the water-works system, and that the village would pay for these pipes; perhaps no time was fixed, no limited time; but they would pay for them in a reasonable time. Subsequent to this arrangement, pipes were put into the streets; they were attached to the regular water-works pipes, and became a part of the water-work system of the village; rants were obtained for the use of them by the village, and thereafter the village, by the proper legal proceedings, was annexed to and became a part of the city of Cleveland. Nothing has ever been paid by the village for these water-pipes, for the laying of them, an amount of some 11,300,00; and it is agreed in the agreed statement of facts, that the price claimed by the Denisons is a reasonable and fair price for that which was furnished by the Denisons, and that some •two or three weeks prior to the annexation of the village to the city, a resolution was adopted by the council of the village in these words:
“Resolved, That the bill of L. T. and R, F. Dennison for the sum of $1,362.80 for water-pipes laid by them in Davis, Evergreen and Ursula streets, be received, placed on file, and is hereby found and declared to be a valid ‘debt against the village of West Cleveland.
“Adopted February 19th, 1894. F. P. Thomas, Clerk.”
*543 Another of the facts agreed to in the statement of facts is, that “by the terms of said annexation the city of Oleve-r and became liable to pay all the indebtedness and liabilities of the village of West Cleveland.”
It is urged on behalf of the plaintiff in error that the village of West Cleveland never owed the Denisons for this pipe; that by reason of section 2702 of the Revised Statutes of Ohio, the contract made between the water-works and the Denisuns was void; tha"t there was no liability on the part of the village and, therefore, there is none on the part of the city.
Without considering the question raised by the statute which I have mentioned — section 2702 — and without conT sidering another question that was urged here on the part of the defendants in error, to-wit, that whether that de? fense could have been made or not by the village, it can not be made by the city. That was urged on the part of the defendant in error upon the ground that the city has shown by these ten agreed facts, that by the terms of annexation the city became liable to pay all indebtedness and liabilities of the village, and the village having passed a resolution as I have read, the city is estopped from saying that it is not liable to so pay. Without conr sidering whether that be the law or not, we think there is another principle which was urged here upon the part of the defendants in error, which settles this case and which settles it in favor of the defendants in error, and that is, that the village having received the property and enjoyed it, had the benefit of it, passed it over to the city which is in the enjoyment and has the benefit of it; that the city is bound to pay, and the village would be bound to pay if suit had been brought for what that property is worth; and it is upon that proposition that the court bases its affirmance of the judgment, and without referring tp other propositions. This, we think, is so completely set? *544 tied by the authorities found and cited .in 39 Kansas, in the case beginning on page 37. There is another case in the same authority, cited to us on the hearing, but this case quotes from many more authorities on the case How being considered. I now read one or two of them.
In 107 U. S., 348 to 355, Chapman v. County of Douglas, a case where the county of Douglass, Neb., entered into an agreement with a party for certain lands for a poor-farm, and such lands were therafter used as such, and part payment was made; finally the county resisted the payment on the ground that the contract was unauthorized, and, in the opinion, the court used the following language:
“In the present case, however, it was not the understanding of the parties that the vendor should await the collection of taxes, as prescribed by the statute, for the payment of the purchase money, but, on the contrary, there was an agreement for the payment in a definite time, without regard to the condition of the county treasury, and for security by way of notes and mortgages. The agreement as we have assumed,so far as it relates to the time and mode of payment, is void; but the contract for the sale itself has been executed on the part of the vendor by the delivery of the deed, and his title at law has actually passed to the county. As the agreement between the parties has failed by reason of the legal disability of the county to perform its part, according to its condition, the right of the vendor to rescind the contract and to a restitution of his title would seem as clear as it would be just, unless some valid reason to the contrary can be shown.
“As was said by this court in Marsh v. Fulton County, 10 Wall. 676, 684, and repeated in Louisiana v. Wood, 102 U. S., 294, ‘The obligation to do justice rests upon all persons, natural and artificial, and if a county obtain the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.”
In the case before us, there is no such thing as restoring the property back to the Denisons. The property has *545 been accepted by the city, and is a part of the water-works system of the city of Cleveland and was also a part of the water-work system of the village. It is a case where there ■can be no restoration, and unless the equitable right of the parties who furnished this property, can be wrought •out by requiring payment to be made, they (the Denisons) would be left remediless, and the defendant would be left with the property, and pay nothing for it,
Norton, Ford, Boyd & Growl, for Plaintiff in Error.
Squire, Sanders & Dempsey, for Defendants in Error.
There are other cases cited in this 39th Kansas that we would like to read from, but, without stopping to do so, we hold that the court was right in instructing the jury to return a verdict for the plaintiffs, because the defendant had the property of the plaintiffs; it had a right to it, but whether it pursued the course pointed out by statute, having the property, it may yet be liable. The agreed statement of facts shows that the contract of the parties was fair.
The judgment of the lower court is affirmed.